UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MIDWESTERN INDEMNITY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1034SNLJ |
| ) | |
| KATHERINE SHERIDAN, ET. AL., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM

Plaintiff has filed this declaratory judgment action seeking a determination of the rights and obligations of the parties under the personal automobile insurance policy plaintiff Midwest issued to John and Donna Sheridan, which includes underinsured motorist coverage. This matter is before the Court on plaintiff Midwestern's motion for summary judgment [20], filed March 27, 2012. Defendants[1] have filed a responsive pleading [24], filed April 26, 2012. This matter is now ripe for disposition.

The appropriate standard for consideration of all motions for summary judgment is as follows:

> "Summary judgment is proper if the pleadings, the discovery and
> disclosure materials on file, and any affidavits show that there is
> no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law. The movant bears the
> initial responsibility of informing the district court of the basis for
> its motion, and must identify those portions of the record which it
> believes demonstrate the absence of a genuine issue of material fact.
> If the movant does so, the nonmovant must respond by submitting

---

[1]On or about October 11, 2011, this Court granted plaintiff Midwestern's motion to dismiss defendant John Sheridan [14], filed October 7, 2011. *See*, Court Order [16]. Thus, the only remaining defendants in this cause of action are Donna Sheridan and Katherine Sheridan.

> evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

Torgerson v. City of Rochester, 643 F.3d. 1081, 1085 (8th Cir. June 1, 2011)( internal citations and quotations omitted); *see also*, Jackson v. United Parcel Service, Inc., 643 F.3d. 1031, 1042 (8th Cir. 2011)(*citing* Torgerson*, supra.*).

The underlying claim arises out of a collision that occurred on June 5, 2009 on Hilton Head Island, South Carolina.[2] At the time of the accident, defendant Katherine Sheridan was riding a bicycle through an intersection when she was struck by a vehicle being driven by Travis Bowman. Subsequently, Ms. Sheridan brought a lawsuit against Bowman and his employer in the Court of Common Pleas of Beaufort County, South Carolina for the collision. Furthermore, Ms. Sheridan submitted a claim for underinsured motorist coverage to plaintiff Midwestern.

It is undisputed that Ms. Sheridan is the adult (age 31 at the time of the accident) daughter of John and Donna Sheridan. Furthermore, Ms. Sheridan has resided in Chicago, Illinois since the year 2000. She has not resided in St. Louis with either of her parents since moving to Chicago in the year 2000.

---

[2]The facts set forth in this order and memorandum are essentially set out in the plaintiff's summary judgment motion [20], memorandum in support [21], and statement of uncontroverted material facts [20-1]. In their responsive pleading, defendants have admitted paragraphs 1-18 (all paragraphs) of the plaintiff's statement of uncontroverted material facts. *See*, Defendants' Response [24], pg. 1. Thus, the Court finds that the material facts as set out in the plaintiff's pleadings and admitted by the defendants are undisputed.

At the time of the accident, Ms. Sheridan had a vehicle in Chicago which she insured through a separate policy of insurance with AAA. Plaintiff Midwestern issued automobile insurance coverage to defendants John and Donna Sheridan, as the named insureds, Policy Number PLP W075441, which was in full force and effect at the time of Katherine Sheridan's accident. Ms. Sheridan is not a named insured on the subject policy. The Midwestern policy contains an endorsement for Underinsured Motorist Coverage with limits of Five Hundred Thousand Dollars ($500,000.00) per person and Five Hundred Thousand Dollars ($500,000.00) per accident. The Policy, including the Underinsured Motorist Coverage, covers any "named insured" and any "Family Member". A "Family Member" is defined as "a person related to you by blood, marriage, or adoption who is a resident of your household. This includes a ward or foster child." Plaintiff's Exhibit 5 - Policy of Insurance.

Plaintiff contends that defendant Katherine Sheridan is not entitled to coverage under the subject policy because the underinsured motorist coverage endorsement only affords coverage for "insureds" under its terms, and defendant Katherine Sheridan is not an "insured" under the clear and unambiguous terms of the policy. Furthermore, plaintiff Midwestern contends that defendant Katherine Sheridan's counterclaim seeking coverage under the subject policy should be denied.

In response to Midwestern's summary judgment motion, defendants have admitted all material facts as set forth in the plaintiff's statement of uncontroverted material facts; and concede that they "are unable to identify to the court a genuine issue of material fact" and that Midwestern is entitled to judgment as a matter of law because defendant Katherine is not an "insured" under the terms of the subject policy.[3]

---

[3]The Court assumes that the defendants' statement ". . . and that Plaintiff is not**[sic]** entitled to judgment as a matter of law in that (a) Defendant Katherine Sheridan is not an "insured" under the terms of the policy." [24], pg. 2, contains a typo and that the defendants are

Given that there are no material facts in dispute regarding defendant Katherine Sheridan's failure to meet the policy requirements of an "insured" entitled to coverage under the subject policy, including the underinsured motorist coverage endorsement, and in light of the defendants' response, the Court will grant plaintiff Midwestern's motion for summary judgment.

Dated this  17th  day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

in fact conceding that Midwestern is entitled to judgment as a matter of law because defendant Katherine Sheridan is not an "insured" as that term is defined by the subject policy.